## The National Tube Works Co. *versus* Bedell.

1. A manufacturing company had leased a rolling mill which was out of repair. J. was the general manager and superintendent of the company. E., a millwright and machinist, was in the employ of the company under daily pay. J. sent him to take charge of the repairs, and as an inducement to hasten the work was to pay him an extra $50 therefor. B., a carpenter, was employed by E., and directed by him, but paid by the company. While thus employed he was injured. *Held*, that he was a fellow servant of E., and could not recover damages from the company for his injuries.

2. There was no evidence that the company had any notice that E. was not a careful and competent person to perform the work, nor was there any evidence that he was not careful and competent. *Held*, that the company was not negligent in putting him in charge of the work.

3. The fact that E. was temporarily absent when the accident occurred was not negligence which would affect the company.

November 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1880, No. 125.

Case by Abner M. Bedell against the National Tube Works Company, to recover damages for injuries alleged to have been caused by the negligence of the defendant.

The facts will be found stated in the opinion of this court.

The verdict was for the plaintiff for $3500. The company took this writ and alleged that the court, Kirkpatrick, A. L. J., erred, inter alia, as follows :—

1. The court erred in their answer to the third point submitted by plaintiff: If the jury find from the evidence that the chain, the breaking of which caused the injury to plaintiff, was not of sufficient strength and unfit for the purpose for which it was used, that the selection and use of such a chain would be negligence on the part of the defendant, and the verdict should be for the plaintiff.

Ans. "Affirmed, if the jury further find that in putting it to the use they did, the defendants, in the selection, &c., did not use ordinary care and caution ; for if they did, *i. e.*, use ordinary care and caution in the selection, use, &c., the facts suggested by the point, even if they should all be found by the jury, do not constitute negligence in law, and the point must be considered by the jury as disaffirmed. The facts are for the jury, reviewing and carefully considering all the evidence in the case."

2. In their answer to defendant's first point: Under all the pleadings and evidence in the case, your verdict should be for the defendant.

Ans. "Refused."

3. In their answer to defendant's point numbered 1½, as follows : There is no evidence of want of care in the selection by defendant

of George Eardly, and no evidence that he was a vice-principal, and your verdict should be for the defendant.

Ans. "Refused. We leave this to the jury from all the evidence—saying, however, that we recall no testimony in the case showing want of care upon the part of defendant in the selection of George Eardly to perform the duties imposed upon him. All of this, however, is for the jury, who will not be controlled or influenced by our recollections as to the evidence submitted upon either side."

5. The court erred in the following portion of the general charge included in brackets :—

"We say to you, that as is charged [a defective hook is all that is claimed, but whilst this is all that is claimed or suggested by the declaration and by the evidence in the case, it will be borne in mind by you, as it was argued by counsel, that Eardly was alleged to have been guilty of negligence in not remaining, and himself giving the order to stop the winding ; and the ground for this argument, if I understood the counsel, was that on account of the great danger and liability to accident, he was guilty of negligence in leaving the work, even for a single instant, at that crisis in its consummation. We, therefore, affirm the proposition as put by the learned counsel for the plaintiff], and say to you that you will say, under all the evidence, considering the character and kind of machinery in use, the circumstances under which the machinery was put into use, the dangers incident to its use, and the circumstances concerning the whole operation of the placing of the timbers in place, whether or not Eardly was guilty of negligence."

*Rodgers & Oliver* and *W. A. Dunshee*, for plaintiff in error.— The only negligence we can be held responsible for in this action, is the provision of defective appliances, when we knew or ought to have known them to be defective. This is the sole issue, and the burden of proving the assertion that we were in fault, rests upon the plaintiff : Wharton on Negligence, sect. 421 ; Sherman and Redfield on Negligence, sect. 12. Eardly was either a competent independent contractor for the work, or else a co-servant with the plaintiff, in the same "circle" of employment under Jackson : Lehigh Coal Co. *v.* Jones, 5 Norris 432 ; Philadelphia & Reading Railroad Co. *v.* Heil, 5 W. N. C. 91 ; Mullan *v.* Steamship Co., 28 P. F. Smith 25 ; Mansfield Coal and Coke Co. *v.* McEnery, 10 Norris 185 ; Canal Co. *v.* Carroll, 8 Id. 374 ; Wood on Master and Servant, sect. 426, *et seq. ;* Barkinshill Coal Co. *v.* Reid, 3 Macq. 266 ; Burke *v.* N. & W. Railroad, 34 Conn. 474.

Our request for a charge that " there is no evidence of want of care in the selection by defendant of George Eardly," was incorporated in point No. 1½, not because we thought such evidence

[National Tube Works *v.* Bedell.]

admissible under the issue, but in order to prevent the jury from giving weight to Mr. Eardly's testimony (much dwelt upon by plaintiff's counsel) to the effect that he was absent during the accident.

*Thomas M. Marshall* and *Thomas H. Davis*, for defendant in error.—Jackson, the superintendent, was the person to whom the defendant company committed this particular department of its business, and he was in person supervising and directing the performance of the labor or work in and about which the plaintiff was employed at the time he received his injury.

Where the employer leaves everything in the hands of a middle man, reserving to himself no discretion, then the middle man's negligence is the master's negligence, for which the master is liable: Wharton on Negligence, sect. 229 ; Grizzle *v.* Frost, 3d Foster & Finlayson 622 ; Mullan *v.* Phila. Southern Steamship Co., 28 P. F. Smith 25 ; Brothers *v.* Carter et al., 52 Mo. 372.

The employer is bound to furnish and maintain suitable instrumentalities for the work or duty which he requires of his employees, and failing in this, he is liable for any damages flowing from such neglect of duty: Patterson *v.* Pittsburgh & Connellsville Railroad, 26 P. F. Smith 393.

Special complaint is made of the answer of the court below to point No. 1½, submitted by the defendant, and the instructions thereon. The point asked the court to say that as there was no evidence of want of care in the selection by the defendant of George Eardly, and no evidence that he was a vice-principal, the verdict should be for the defendant. To have done otherwise than refuse this point the court would have committed an error. As no evidence was offered to show want of care on the part of the defendant in selecting Eardly, or that Eardly was a vice-principal, it would have been a manifest error for the court below to have said to the jury that, therefore, the verdict should be for the defendant.

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1881.

This was a suit by the defendant in error for injuries received by him while in the employment of the company. The declaration charges that they were caused by the negligence of the company in not using proper, secure and safe implements and appliances in raising and lifting a heavy piece of timber.

The company had leased a rolling-mill which was out of repair. Jackson was the general superintendent and manager of the company. Eardly, a millwright and machinist, had been for some time, and then was, in the employ of the company under daily pay. Jackson sent him to take charge of the work in repairing, and as

15 NORRIS—12

an inducement to its more speedy completion was to pay him an extra sum of $50 therefor.

A part of the repairs required was the adjustment of the flywheel and the putting a heavy timber upon each wall of the pit in which the wheel was to revolve. The longer timber had been raised and put in place by means of a rope and chain tackle, and crane worked by a windlass. The same machinery was used in raising the shorter timber. One end of this timber rested on the top of a finished part of the wall, the other end inclined down into the pit and rested on blocks built from the bottom thereof. After it should be raised to a horizontal position, it was to be secured by bolts, fastened in the foundation, that were to pass up through holes in the beam.

The defendant in error is a carpenter. He was employed by Eardly and directed by him, but paid by the company. He and one other were stationed at the higher end of the timber for the purpose of screwing nuts on the ends of the bolts when they passed sufficiently through the timber. While the lower end of the timber was being slowly raised the defendant in error thought to expedite it by pressing down the upper end. With this view he threw a jackscrew on the end of the timber, rested one hand on the top of the timber, and with the other picked up a block to put on the screw. Just at that moment the hook of the chain broke, the lower end of the timber fell, the upper end flew up crushing his hand between it and the block on which the cylinder plate rested.

This action was based on a tort. It rests on the alleged negligence of the company. The burden of proof was on the defendant in error to establish the negligence. There is no evidence that the company had any notice that Eardly was not a careful and competent person to perform the work to which he was assigned. Nor do we find any showing that in fact, he was not careful and competent. It therefore follows the company was not guilty of negligence in putting him in charge of the work. The general superintendent did not direct in what manner nor with what appliances the timber should be raised. The company had other chains and of larger size than the one used. Eardly selected one which he thought suitable. He testified that he made an examination of "every link and ring and hook" of the chain. The body of the chain was about nine-sixteenths of an inch. The hook was one and one-eighth inches in diameter. The witnesses for the defendant in error testified that the chain was rusty, and that Eardly was told it was too weak for the purpose. Both these facts were denied by the witnesses of the plaintiff in error. No witness swears that any doubt was expressed as to the sufficient strength of the hook, but it was to the chain generally. It was the hook only which broke, although it was twice as large as the other part of the chain. The smaller part stood the test, and showed no failure of strength.

[National Tube Works *v*. Bedell.]

The evidence is that the timber weighed less than four tons. About one-third of it rested on the wall, so that only two-thirds of its weight were to be raised by the tackle. The hook exhibited no flaw, and in the opinion of experts its tensile strength was such that it ought to have stood a strain of 60,000 pounds, or thirty tons. This is fully ten times the weight of the part of the timber raised by the tackle. Thus it appears no one did doubt, or had any reason to doubt, that the strength of the hook was sufficient for the purpose to which it was applied.

Eardly and the defendant in error were co-laborers in the work. They were fellow servants in the same common employment. Although Eardly was permitted to select some of the men who were to assist in doing the work, yet he, as well as they, and all engaged therein, were hired by the day and paid by the company. A master is not liable to his servant for the negligence of a fellow servant while engaged in the same common employment: Sherman & Redfield on Negligence, sect. 86. The master does not warrant the competency of any of his servants to the other: Id. It matters not that they are of unequal grade if the services of each in his particular labor is directed to the same general end. And although the inferior in grade is subject to the control and directions of the superior whose act caused the injury, the rule is the same : Whart. Law of Neg., sect. 229 ; Lehigh Valley Coal Co. *v*. Jones, 5 Norris 432 ; Priestley *v*. Fowler, 3 M. & W. 6 ; Wonder *v*. B. & O. Railroad Co., 32 Md. 410. If then, as we have shown, Eardly and the defendant in error were fellow servants, even if the former was negligent on the occasion of this injury, that fact is insufficient to charge the company with negligence in appointing the negligent employee : Whart. on Neg., sect. 240 ; Feltham *v*. England, L. R., 2 Q. B. 33.

We think the learned judge erred in not affirming the points covered by the second and third assignments.

The point covered by the first assignment should have been refused. The qualification is insufficient to justify its affirmation. The seventh assignment is to a part of the charge which appears to be in answer to a verbal point made by the counsel for defendant in error, based on the temporary absence of Eardly at the moment of the accident. We think the learned judge erred in affirming it, and in holding there was negligence, to affect the plaintiff in error, in Eardly being absent a single instant at the moment of the injury. We discover no error in the fourth assignment.

Judgment reversed.